# Dominique P. Phillips

11 Mirin Avenue  -  P. O. Box 161  -  Roosevelt, NY 11575  -  (516) 965-9641  -  dominiquep32@yahoo.com

August 29, 2022

**Hand Delivered Correspondence**

**Ms. Catherine O'Hagan Wolfe**
United States Court of Appeals
For The Second Circuit Division
Thurgood Marshall U.S. Courthouse
40 Foley Square, Clerk's Office
New York, New York 10007

> RE:  **Phillips v. Long Island Rail Road, et al.**
> **USCA 22-123, "Revised" Appeal Briefs**
> **For Plaintiff-Appellant Are "Enclosed".**

Dear Ms. Wolfe:

I, Appellant Dominique P. Phillips, am a party in the above-referenced matter, and I am writing to notify the Court that my "revised" appeal briefs are enclosed, and to please discard the other appeal briefs that was mailed to the Court on <u>August 26, 2022</u>.  I took the liberty to correct the defects before the Court could issue out a "Notice of Defective Filing" to cure the defects.

I do intend to notify opposing counsels of my revisions, and I would also like to apologize for any inconvenience this may have caused the Court.  Thank you for your time and understanding.

Respectfully submitted,

Dominique P. Phillips

CC:   **PRIORITY MAIL**

Brian K. Saltz, Esq.
Counsel for L.I.R.R.

Erika Diehl-Gibbons, Esq.
Counsel for U.T.U./Union

Varuni Nelson, Esq.
Counsel for E.D.N.Y.

# 22-123-cv

---

## UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT



---

DOMINIQUE PHILLIPS,

*Plaintiff-Appellant,*

V.

THE LONG ISLAND RAIL ROAD COMPANY,

*Defendant-Appellee,*

UNITED TRANSPORTATION UNION - LOCAL 722,

*Defendant-Appellee,*

UNITED STATES DISTRICT COURT - E.D.N.Y.,

*Defendant-Appellee.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

## APPEAL BRIEF
## FOR PLAINTIFF-APPELLANT

---

DOMINIQUE PHILLIPS
*Pro-Se Plaintiff-Appellant*
11 MIRIN AVENUE
ROOSEVELT, NY 11575
TEL. (516) 965-9641

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………… 1

JURISDICTIONAL STATEMENT……………………………………………… 1

STATEMENT OF ISSUES PRESENTED FOR REVIEW…………………… 2

STATEMENT OF THE CASE………………………………………………… 2

STATEMENT OF FACTS & ARGUMENTS………………………………… 3

FORFEITURE BY WRONGDOING………………………………………….. 4

DISTRICT LOWER COURT JUDGE'S SEYBERT AND LINDSAY
ABUSE OF DISCRETION WITH MOTIVE AND OPPORTUNITY…………. 4

PAIN AND SUFFERING……………………………………………………… 8

CONCLUSION………………………………………………………………… 8

# **TABLE OF AUTHORITIES & STATUES**

Phillips v. Long Island Rail Road, et al.,
        No. 13-cv-7317 (JS) (ARL)…………………………………………… 2, 5

USCA: 19-1089……………………………………………………………….. 2, 6, 7

28 U.S.C.  1331, 1343, and 1367……………………………………………… 1

42 U.S.C.  1983 and 1988…………………………………………………….. 1

## **PRELIMINARY STATEMENT**

*Pro Se* Plaintiff-Appellant Dominique Phillips ("Appellant" or "Phillips"), submits this appellate brief in support of his appeal from the December 16, 2021, Memorandum & Order of the United States District Court of the Eastern District of New York, Hon. Rachel P. Kovner, which dismissed his wrongful death complaint with prejudice against Defendants-Appellees Long Island Rail Road Co. ("LIRR"), United Transportation Union-Local 722 ("UTU"), and the United States District Court for the Eastern District of New York ("EDNY" or "district lower court").

## **JURISDICTIONAL STATEMENT**

Pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Pursuant to 28 U.S.C. 1331, 1343, and 1367, the district lower court had original jurisdiction to hear this matter as it arose from LIRR, UTU, and EDNY's violations. The district lower court entered a Memorandum & Order in favor of LIRR, UTU, and EDNY on December 16, 2021. Appellant then filed his Notice of Appeal with the United States Court of Appeals for the Second Circuit on January 14, 2022. (See Special Appendix, Exhibit 8).

1

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

In dismissing Appellant's wrongful death complaint, the district lower court erred in predetermining that Phillips, *Pro Se* litigant, his wrongful death complaint should be dismissed with prejudice, because upon reviewing the evidence and facts herein, it seems the only party to be "prejudiced" by the rulings, is none other than Appellant himself. Additionally, the district lower court mistakenly assumed that leading to the erroneous finding that a court may dismiss an action *"sua sponte"* if it determines the action is "frivolous", when in fact, Appellant brings this wrongful death complaint against LIRR, UTU, and EDNY for their contributory negligence and causing "pain and suffering", which ended up being a *"grave constitutional violations"*, as a result of his wife, Antares Wendler Phillips, unexpected death.

## STATEMENT OF THE CASE

The following facts come from Phillips's wrongful death complaint and the records of the prior judicial proceeding, <u>Phillips v. Long Island Rail Road, et al.</u> No. 13-cv-7317 (JS) (ARL), and the USCA <u>19-1089</u>, integral to his wrongful death complaint ("complaint").

2

## **STATEMENT OF FACTS & ARGUMENTS**

Phillips began working for the LIRR in 2006. (See complaint para. 1). Also, prior to working for the LIRR, Phillips was employed at the Long Island Marriott Hotel (See complaint para. 1). The last two years of Phillips employment at LIRR (from September 2010 thru October 2012), he was persecuted and targeted by the LIRR for "discriminatory harassment" and "retaliatory retribution", all while UTU officials turned a blinded eye and looked the other way. (See complaint para. 6-7, 9-22). In short, Phillips was railroaded (no-pun intended), as a result of the LIRR's relentless targeting, against a member of a protected class. (See complaint para. 1).

In October 2012, the LIRR unlawfully suspended and wrongfully terminated Phillips, with the help of Richard Wittenben ("Wittenben"). See, Wittenben is the company informant (C.I.) who help put Phillips away with a trumped up "drug and alcohol" claim, which turned out to be a complete bold face lie, and UTU allowed the LIRR to fabricate a second claim "insubordination" to cover-up that first claim. (See complaint para. 21). The UTU had firsthand knowledge of LIRR's misdeeds and failed to protect Phillips. (See complaint para. 22).

3

## FORFEITURE BY WRONGDOING

This occurs when a party intentionally or wrongfully makes the declarant unavailable to testify. Here, in this case, Phillips laid it all out for this Court back on August 31, 2020. (See Appendix 5, Exhibit 9, page 59). On October 17, 2012, Marilyn Kustoff ("Kustoff") made a ruling to hold an internal hearing or a trial on October 26, 2012, regarding LIRR's "unfounded" insubordination charge against Phillips. However, once Kustoff learned that his co-workers were subpoenaed to testify on Phillips' behalf the day of the hearing or trial on October 26, 2012, she made up her mind to call-off the hearing. Moreover, that day, Kustoff wasn't exactly forthcoming when Phillips appeared at her office, and the excuse she gave for the adjournment was that one or two of the LIRR's witnesses were unavailable to testify. Yet, Phillips was wrongfully terminated that very same day on October 26, 2012, without a hearing or trial to LIRR's unfounded insubordination charge. (See Appendix 5, Exhibit 9, pgs. 56-60).

## DISTRICT LOWER COURT JUDGES SEYBERT AND LINDSAY ABUSE OF DISCRETION WITH MOTIVE AND OPPORTUNITY

Phillips had respectfully requested from Thomas Talbot ("Talbot") that both District Judge Joanna Seybert ("Judge Seybert") and Magistrate Judge Arlene R.

4

Lindsay ("Judge Lindsay") be recused from this action <u>Phillips v. Long Island Rail</u> <u>Road, et al.</u> No. 13-cv-7317 (JS) (ARL) as he believe them to be <u>biased</u> against him due to their <u>conflict of interest</u> in previous case matter, and Talbot refused. Phillips further request from this Court that any *"rulings"* they have entered in any matter be *"stricken"*, and *"rescind"* the <u>Mandate</u> for all the reasons stated below:

1.     Both Judge Seybert and Judge Lindsay had knowledge of his previous lawsuit against ALJ Ward while he was employed with LIRR, and had a motive to leak it. (<u>See</u> complaint para. 8) (Appendix Book 1, Exhibits "10", "11", & "13").

---

2.     Phillips's lawsuit against ALJ Ward was due to his behavior in the unemployment hearings from 2000, in which ALJ Ward allowed opposing party to fabricate an insubordination charge against Phillips in order to subsequently deny Phillips's unemployment benefits. (<u>See</u> Appendix Book 1, Exhibit "15(A - U)").

---

3.     Judge Seybert dismissed Phillips's previous lawsuit against ALJ Ward, despite Phillips presenting the evidence of disparaging remarks by ALJ Ward. (<u>See</u> Appendix Book 1, Exhibits "15(P)", "17", & "18").

**4.** It is also his belief that these two judges (Judge Seybert and Judge Lindsay) bear prejudice against him, when they decided to **not** recuse themselves from his lawsuit against Appellee LIRR to avoid even the slightest *"appearance of impropriety"*. (<u>See</u> Appendix Book 1, Exhibits "1", "2", "3", & "19").

---

**5.** Phillips believed this was a case of judicial bias as these two judges (Judge Seybert and Judge Lindsay) had an ax to grind and a score to settle, as they continued to rule against him on all matters due to Phillips prior litigation against their fellow judge, ALJ Ward. (<u>See</u> USCA: <u>19-1089</u>, Special Appendix, Exhibit 1: Docket Nos. "23", "24", "26", "133", "134", "135" & "137").

---

**6.** The judicial bias was evident against Phillips when Judge Lindsay, in her communication with him, she repeatedly referred to him as "she" and "her", when in fact Judge Lindsay knows full well that Phillips is male, and he called it to her attention many times. (<u>See</u> Appendix Book 4, Exhibits "6", "7", & "8").

---

6

7.    The judicial bias was more evident when Judge Seybert denied a fair and reasonable request from Phillips for an extension of time to the 43 page Report and Recommendation ("R&R") so he wouldn't have an opportunity to hire counsel to represent him with his objections. (See Appendix Book 6, Exhibit "15").

---

8.    Phillips further believe Judge Seybert denied that request so that Judge Lindsay's R&R would not be overturned. (See Appellant's August 31, 2020 Reply Brief – Pages 28 & 29, "Abuse of Discretion").

---

9.    Judge Seybert essentially closed his case by adopting Judge Lindsay's R&R granting the Appellee's summary judgment motion, despite him presenting his request to her in a timely manner for an extension to file his objections as Judge Lindsay instructed him to. (See USCA: 19-1089, Special Appendix, Exhibit "3").

---

10.    As a result of the judicial bias and adverse decisions by Judge Seybert and Judge Lindsay, Phillips was then forced to file an appeal with this Court. (See USCA: 19-1089, Special Appendix, Exhibit "4").

## PAIN AND SUFFERING

Phillips's wife, Antares Wendler-Phillips, passed away on October 4, 2019, and he attributes her death to the pain and suffering caused by LIRR's and UTU's discrimination and by rulings in his suit against those Appellees. Phillips and his family had to endure emotional and undue distress, financial burden and hardship, embarrassment and humiliation, that ultimately contributing to Phillips's beloved wife's wrongful death. (See Special Appendix, Exhibit 5: Dr. Alice B. Cavanagh). Phillips is also requesting award of attorney's fees, cost, and prejudgment interest necessitated by this action with other relief as the Court deems just and proper.

## CONCLUSION

**WHEREFORE**, in light of the above and the foregoing reasons stated herein, Appellant is appealing the decision of USDJ Rachel P. Kovner, that was filed on December 16, 2021, and is respectfully requesting that his case against the Appellees be remanded back to the district lower court, in Brooklyn, New York.

Dated: August 26, 2022

Respectfully submitted,

Dominique Phillips (Pro Se)
Plaintiff-Appellant
11 Mirin Avenue
Roosevelt, NY 11575
Tel. (516) 965-9641

8

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of August, 2022, the above and foregoing documents will be sent: via "First Class Mail".

Brian K. Saltz, Esq.
The Long Island Rail Road Company
Jamaica Station, Law Dept. 1143
93-02 Sutphin Boulevard, 4th Floor
Jamaica, New York 11435

Erika Diehl-Gibbons, Esq.
United Transportation Union-Local 722
Transportation Headquarters, Suite 340
24950 Country Club Boulevard
North Olmsted, Ohio 44070

Varuni Nelson, Esq.
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Dr. Alice B. Cavanagh
Board Certified Cardiologist
Cardiovascular Medical Associates
975 Stewart Avenue
Garden City, New York 11530

Dominique Phillips (Pro Se)
Plaintiff-Appellant
11 Mirin Avenue
Roosevelt, NY 11575

MR. DOMINIQUE PHILLIPS
11 MILKIN AVENUE
ROOSEVELT, NY 11575

MS. CATHERINE O'HAGAN WOLFE, COURT CLERK
UNITED STATES COURT OF APPEAL (2ND CIRCUIT)
THURGOOD MARSHALL U.S. COURTHOUSE
40 FOLEY SQUARE, CLERK'S OFFICE
NEWYORK, NEWYORK 10007

ATTENTION: CONNIE (COURT CLERK)

HAND DE