# 22-123

In the

# United States Court of Appeals

### For the Second Circuit



DOMINIQUE PHILLIPS,

*Plaintiff-Appellant,*

– v. –

LONG ISLAND RAILROAD COMPANY,
UNITED TRANSPORTATION UNION-LOCAL 722 and
UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLEE
## LONG ISLAND RAILROAD COMPANY

STEPHEN N. PAPANDON
Acting Vice President/General Counsel & Secretary
*Attorney for Defendant-Appellee Long Island Railroad Company*
The Long Island Rail Road Company
Law Department - 1143
Jamaica Station
Jamaica, New York 11435

*Of Counsel:*
 BRIAN K. SALTZ, ESQ.
 (718) 558-8277
 bsaltz@lirr.org

# TABLE OF CONTENTS AND AUTHORITIES

<u>Table of Contents</u>

TABLE OF AUTHORITIES ..………………………………………………..ii

JURISDICTIONAL STATEMENT …………………………………………..1

STATEMENT OF ISSUES PRESENTED ……………………………..…….1

STATEMENT OF THE CASE ………………………………………………....2

SUMMARY OF ARGUMENT ………………………………………………5

ARGUMENT ..……………………………………………...……..6

I. THE DISTRICT COURT LACKED SUBJECT MATTER
JURISDICTION OVER PHILLIPS'S CLAIM ………………………...6

II. PHILLIPS DID NOT COMPLY WITH PAL 1276
REQUIREMENTS …………………………………………………7

III. PHILLIPS DID NOT SET FORTH THE NECESSARY ELEMENTS
OF A WRONGFUL DEATH CLAIM…………………………………...8

    A. Phillips Did Not Receive Letters of Administration for His
Late Wife's Estate …………………………………………………8

    B. LIRR Did Not Owe a Duty of Care to Phillips's Wife …………..9

    C. Res Judicata Bars Phillips's Claim ……………………………...10

    D. Collateral Estoppel Bars Phillips's Claim ………………………12

    E. Phillips Cannot Show That LIRR's Actions Led to his
Wife's Death ……………………………………………………..13

CONCLUSION ……………………………………………………..14

Table of Authorities

*Cases*

*Altinma v. East 72nd Garage Corp.*, 54 AD3d 978 [2d Dept 2008] …………..8

*Anderson v. Long Island Railroad*, 88 AD2d 328 [2d Dept 1982], *aff'd* 59 NY2d 657 [1983] ………………………………………………………7

*Baez v. City of Rochester*, 2016 US Dist LEXIS 75421 [WDNY June 9, 2016] …………………………………………………………..6

*Berrios v. New York City Housing Authority*, 564 F3d 130 [2d Cir 2009] …………………………………………………………………..11

*Brandon v. NPG Records, Inc.*, 840 Fed Appx 605 [2d Cir 2020] …………12

*Chong v. New York City Transit Authority*, 83 AD2d 546 [2d Dept 1981] ……………………………………………………………………8

*City of New York v. Waterfront Airways, Inc.* 620 F Supp 411 [SDNY 1985] ………………………………………………………………….7

*Gerber v. Forest View Center*, 2022 US Dist LEXIS 150244 [EDNY Aug 22, 2022] …………………………………………………………..6

*Guest v. Hansen*, 603 F3d 15 [2d Cir 2010] ……………………………………..9

*Hamilton v. Beretta U.S.A. Corp.*, 96 NY2d 222 [2001] …………………………10

*In re Estate of Hawley*, 13 Misc2d 270 [Sup Ct. Fulton Co 1958] …………..9

*Matter of New York City Asbestos Litigation – Holdampf v. A.C. & S., Inc.*, 5 NY3d 486 [2005] …………………………………………………………..9

*Marvel Characters, Inc. v. Simon*, 310 F3d 280 [2d Cir 2002] ………………..12

*Monahan v. New York City Department of Corrections*, 214 F3d 275 [2d Cir 2000] …………………………………………………………………..10

*Metromedia Company v. Fugazy*, 983 F2d 350 [2d Cir 1992]   …………………..12

*Noel v. American Airlines*, 2022 US Dist LEXIS 78351
[SDNY Apr 29, 2022]   ………………………………………………………………..9

*Perpetual Securities, Inc. v. Tang*, 290 F3d 132 [2d Cir 2002]   …………………6

*Phillips v. Long Island Rail Road Company*, 832 Fed Appx 99
[2d Cir Jan 5, 2021]   ………………………………………………………………..2

*Phillips v. The Long Island Railroad Company*, 2021 US Dist LEXIS 251498
[EDNY Dec 16, 2021]   ……………………………………………………………..4

*Rotger v. Montefiore Medical Center*, 2019 US Dist LEXIS 54463
[SDNY March 29, 2019] ……………………………………………………………13

*Shaw v. Long Island Railroad Company*, 2017 US Dist LEXIS 193582
[EDNY Nov 21, 2017]   ……………………………………………………………..7

*Shelley v. South Shore Healthcare*, 123 AD3d 797 [2d Dept 2014]   …………..8

*TechnoMarine SA v. Giftports, Inc.*, 758 F3d 493 [2d Cir 2014] ………………..11

*Wynn v. AC Rochester*, 273 F3d 153 [2d Cir 2001] ……………………………….6

*Wynn v. Union Local 237, I.B.T.*, 797 Fed Appx 13 [2d Cir 2019]   …………11

*Other authorities*

28 USC § 1331   …………………………………………………………………….6

28 USC § 1332   …………………………………………………………………….6

NY EPTL § 1-2.13   …….…………………………………………………………..8

NY EPTL § 5-4.1   ………………………………………………………………….9

NY PAL § 1276   ……………………………………………………………………7

## JURISDICTIONAL STATEMENT

The district court did not have subject matter jurisdiction over Plaintiff-Appellant Dominique Phillips's action. As explained below, Phillips filed a wrongful death complaint (Phillips's Appeal Brief – ECF Document 100, page 4 of 13; Special Appendix – ECF Document 96, page 5 of 71), which is a state law claim. While Phillips alleged in his jurisdictional statement that his action was brought pursuant to 42 USC §§ 1983 and 1988 and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and further alleged that jurisdiction was founded upon 28 USC §§ 1331, 1343, and 1367 (Phillips's Appeal Brief – ECF Document 100, page 4 of 13), he never explained in his complaint or his brief how any of those statutes and constitutional amendments applied to his wrongful death action.

## STATEMENT OF ISSUES PRESENTED

1. Whether the district court should have dismissed Phillips's wrongful death action against Defendant-Appellee The Long Island Rail Road Company (LIRR) because it did not have subject matter jurisdiction.

2. Whether the district court should have also dismissed Phillips's wrongful death action against LIRR because he did not comply with the requirements set forth in NY Public Authorities Law § 1276(1).

3. Whether the district court should have also dismissed Phillips's wrongful death action against LIRR because he did not show that he received letters of administration for his deceased wife's estate.

4. Whether the district court should have also dismissed Phillips's wrongful death action against LIRR on the ground that LIRR did not owe a duty to Phillips's wife.

5. Whether the district court properly dismissed Phillips's wrongful death action against LIRR on the grounds of res judicata.

6. Whether the district court should have also dismissed Phillips's wrongful death action against LIRR on the grounds of collateral estoppel.

7. Whether the district court should have also dismissed Phillips's wrongful death action because Phillips cannot show that LIRR's actions led to his wife's death.

## STATEMENT OF THE CASE

This is Phillips's second appeal to the Second Circuit regarding a similar set of facts. In the first case, Phillips, a former LIRR employee, alleged that LIRR discriminated against him of the basis of his race and disability and retaliated against him in violation of various federal state and city statutes (*see Phillips v. Long Island Rail Road Company*, 832 Fed Appx 99, 100 [2d Cir Jan 5, 2021]; Appendix Book 2 of 5 – ECF Document 112, page 147 of 805 to page 175 of 805).

2

He appealed the district court's decision granting LIRR summary judgment. Affirming the district court's decision, the Second Circuit found that its "review of the record on appeal and the relevant case law shows that the magistrate judge properly concluded that LIRR's motion for summary judgment should be granted" (832 Fed Appx at 100). Phillips apparently sought *en banc* review (Addendum Supplemental Appendix Book 6 – ECF Document 99, pages 22 of 186 to 25 of 186) and submitted a letter to the Supreme Court seeking review (Addendum Supplemental Appendix Book 6 – ECF Document 99, pages 72 of 186 to 85 of 186), although both of those requests were denied (Addendum Supplemental Appendix Book 6 – ECF Document 99, pages 35 of 186 to 36 of 186).

On October 4, 2021, Phillips filed another complaint against LIRR, the United Transportation Union – Local 722 (UTU), and the United States District Court - EDNY (Special Appendix – ECF Document 96, pages 5 of 71 to 26 of 71). In the complaint, Phillips again alleged that LIRR discriminated against him and asserted that the district court (in his prior lawsuit against LIRR) "erred in finding that [LIRR's] termination of [Phillips] was not based upon his race and gender discrimination, hostile work environment, retaliation, etc." (Special Appendix – ECF Document 96, page 23 of 71, paragraph 27). This time, rather than asserting causes of action for discrimination and retaliation, Phillips asserted a wrongful death cause of action. More specifically, he stated:

> "My late wife, Antares Wendler-Phillips, past [sic] away (wrongful death) on **October 4, 2019** as a result of the pain and suffering we (Plaintiff's family) had to endure as a result of Defendant's willful harassment, race and gender discrimination, defamation of character, violations of due process, retaliation, unlawful suspension, wrongful termination, compensatory damages, emotional distress damages, embarrassment and humiliation, legal fees and expenses, and overwhelming financial hardship due to financial burden & undue stress which ultimately causing or contributing to Plaintiff's beloved wife's death **$ Million is undetermined at this time**, and Plaintiff wish to hire an attorney at a some point in time, and/or reserve the right to revise-amended his wrongful his wrongful death complaint, etc" (Special Appendix – ECF Document 96, page 25 of 71 to 26 of 71, paragraph 32) (emphasis in original).

On December 16, 2021, EDNY Judge Rachel P. Kovner dismissed Phillips's complaint (Special Appendix – ECF Document 96, pages 57 of 71 to 63 of 71) "because the dispositive defenses of sovereign immunity, res judicata, and collateral estoppel are apparent on the fact of the complaint" (Special Appendix - ECF Document 96, page 59 of 71; *see Phillips v. The Long Island Railroad Company*, 2021 US Dist LEXIS 251498 at *3 [EDNY Dec 16, 2021]). Judge Kovner explained that "sovereign immunity bars suit against EDNY" and that "res judicata and collateral estoppel bar the claims against LIRR and UTU." With regard to the claims against LIRR, Judge Kovner noted that:

> "Mr. Phillips has already litigated his discrimination claims fully against LIRR. See Electronic Order. To be sure, Mr. Phillips alleges a new harm – the passing of his wife – but the courts have already determined that Mr. Phillips has not successfully alleged any violation of his or his wife's rights. *Ibid.* Mr. Phillips is not entitled to relitigate this issue against LIRR in a second lawsuit…" (Special Appendix –

4

ECF Document 96, page 60 of 71; 2021 US Dist LEXIS 251498 at *4).

On January 14, 2022, Phillips filed a notice of appeal (Special Appendix – ECF Document 96, page 65 of 71).

## SUMMARY OF ARGUMENT

Phillips's appeal should be dismissed for the following reasons:

(1) the district court did not have subject matter jurisdiction over his complaint because his action is one for wrongful death, which is a state cause of action;

(2) he did not comply with the requirements set forth in NY Public Authorities Law § 1276(1), which provides that a demand must first be made against LIRR prior to filing a wrongful death action;

(3) he did not set forth the elements of a wrongful death claim because: (a) he did not show that he received letters of administration of his deceased wife's estate; (b) LIRR owed no duty to his wife; (c) necessary elements of his wrongful death action were already addressed and decided against him in a prior lawsuit; (d) necessary facts alleged in his wrongful death action were already addressed and decided against him in a prior lawsuit; and (e) he cannot show that LIRR's actions led to his wife's death.

5

# ARGUMENT

I. THE DISTRICT COURT LACKED SUBJECT MATTER JURISDICTION OVER PHILLIPS'S CLAIM

The Second Circuit has explained that federal courts "are courts of limited jurisdiction. Even where the parties are satisfied to present their disputes to the federal courts, the parties cannot confer subject matter jurisdiction where the Constitution and Congress have not. The absence of such jurisdiction is non-waivable …" (*see Wynn v. AC Rochester*, 273 F3d 153, 157 [2d Cir 2001]). 28 USC § 1331 provides district court jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 USC § 1332 also provides for federal court jurisdiction based upon diversity of citizenship (*see Perpetual Securities, Inc. v. Tang*, 290 F3d 132, 136 [2d Cir 2002] ["Congress has, pursuant to its authority under Article III of the Constitution, granted to district courts jurisdiction to hear cases in which there is a federal question and cases based upon the diversity of citizenship of the parties"]).

Phillips's claim does not arise under the Constitution, laws, or treaties of the United States and there is no diversity of citizenship. He simply alleges a claim for wrongful death, which is a "garden-variety state law claim" (*see Gerber v. Forest View Center*, 2022 US Dist LEXIS 150244 at *13 [EDNY Aug 22, 2022]); *Baez v. City of Rochester*, 2016 US Dist LEXIS 75421 at *8 [WDNY June 9, 2016] [wrongful death claim does not independently support federal court jurisdiction];

*City of New York v. Waterfront Airways, Inc.* 620 F Supp 411, 415 [SDNY 1985] [wrongful death is tort claim governed by state law]).

As the district court did not have subject matter jurisdiction over Phillips's complaint, his appeal should be dismissed.

II.  PHILLIPS DID NOT COMPLY WITH PAL 1276 REQUIREMENTS

NY PAL § 1276[1] provides that:

"As a condition to the consent of the state to such suits against the [metropolitan transportation] authority, in every action against the authority … for death, the complaint shall contain an allegation that at least thirty days have elapsed since the demand, claim or claims upon which such action is founded were presented to a member of the authority or other officer designated for such purpose and that the authority has neglected or refused to make an adjustment or payment thereof."

This requirement applies to claims against the Metropolitan Transportation Authority (MTA) "and its subsidiary corporations, including the Long Island Railroad" (*see Anderson v. Long Island Railroad*, 88 AD2d 328 [2d Dept 1982], *aff'd* 59 NY2d 657 [1983]; *see also Shaw v. Long Island Railroad Company*, 2017 US Dist LEXIS 193582 at *18 [EDNY Nov 21, 2017] ["PAL § 1276[1] imposes a substantive precondition to suit"]).

Phillips's complaint did not contain an allegation that at least 30 days had elapsed since the demand, claim, or claims upon which his cause of action is founded was presented to the MTA or officer designated for such purpose. In fact,

7

it did not contain an allegation that Phillips made such a demand or claim. As such allegation is a precondition to his lawsuit, his appeal should be dismissed.

### III. PHILLIPS DID NOT SET FORTH THE NECESSARY ELEMENTS OF A WRONGFUL DEATH CLAIM

The elements of a cause of action to recover damages for wrongful death are: (1) the death of a human being; (2) the wrongful act, neglect, or default of the defendant by which the decedent's death was caused; (3) the survival of distributees who suffered pecuniary loss by reason of the death of the decedent; and (4) the appointment of a personal representative of the decedent (*see Chong v. New York City Transit Authority*, 83 AD2d 546, 547 [2d Dept 1981]). Moreover, a defendant cannot be found liable for wrongful death if it owes no duty of care to the decedent (*see Altinma v. East 72nd Garage Corp.*, 54 AD3d 978, 980 [2d Dept 2008]).

### A. Phillips Did Not Receive Letters of Administration for His Late Wife's Estate

New York's courts have held that a "personal representative who has received letters of administration of a decedent's estate is the only party who is authorized to commence … a wrongful death action to recover damages sustained by the decedent's distributees on account of his or her death" (*see Shelley v. South Shore Healthcare*, 123 AD3d 797 [2d Dept 2014]; NY EPTL § 1-2.13 [personal representative is "a person who has received letters to administer the estate of a

8

decedent"]; NY EPTL § 5-4.1[1] ["the personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death …"]). The cause of action belongs to that person and there is "no authority giving the cause of action to a surviving husband simply because he is entitled to the proceeds of the action" (*see In re Estate of Hawley*, 13 Misc2d 270, 271 [Sup Ct. Fulton Co 1958]). Moreover, where a plaintiff is proceeding *pro se*, that individual may only assert claims on behalf of the spouse's estate if: (1) the plaintiff is the duly appointed administrator or personal representative of the estate; (2) the plaintiff is the sole beneficiary of the estate; and (3) the estate has no creditors (*see Noel v. American Airlines*, 2022 US Dist LEXIS 78351 at *7 [SDNY Apr 29, 2022], *citing Guest v. Hansen*, 603 F3d 15, 20 [2d Cir 2010]).

Phillips has not asserted that he is the duly appointed administrator or personal representative of his wife's estate, that he is the sole beneficiary of that estate, or that the estate has no creditors. As he does not have capacity to bring this wrongful death action, his appeal should be dismissed.

### B. LIRR Did Not Owe a Duty of Care to Phillips's Wife

In *Matter of New York City Asbestos Litigation – Holdampf v. A.C. & S., Inc.*, 5 NY3d 486, 489-90 [2005], the New York Court of Appeals concluded that

an employer did not owe a duty of care to the plaintiff spouse of an employee where the plaintiff spouse was allegedly injured from exposure to asbestos dust that her husband introduced into the family home or soiled work clothes. Quoting from *Hamilton v. Beretta U.S.A. Corp.*, 96 NY2d 222 [2001], the Court of Appeals explained:

> "The threshold question in any negligence action is: does defendant owe a legally recognized duty of care to plaintiff? Courts traditionally fix the duty point by balancing factors, including the reasonable expectations of parties and society generally, the proliferation of claims, the likelihood of unlimited or insurer-like liability, disproportionate risk and reparation allocation, and public policies affecting the expansion or limitation of new channels of liability. Thus, in determining whether a duty exists, courts must be mindful of the precedential, and consequential, future effects of their rulings, and limit the legal consequences of wrongs to a controllable degree."

Based upon these factors, LIRR owed no legally recognized duty of care to Phillips's wife, who was not employed by LIRR. There was no reasonable expectation by any of the parties or society that it would, as providing such a duty of care would unleash the floodgates to claims by spouses of those who claim that they were discriminated against or otherwise treated unfairly at work.

    C.    <u>Res Judicata Bars Phillips's Claim</u>

The "doctrine of res judicata, or claim preclusion, holds that a judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action" (*see Monahan v. New York City Department of Corrections*, 214 F3d 275, 284 [2d Cir 2000]). To succeed on a

defense of res judicata, a party must show that: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action (*see TechnoMarine SA v. Giftports, Inc.*, 758 F3d 493, 499 [2d Cir 2014]).

With regard to the first element, Phillips's previous action against LIRR involved an adjudication on the merits, as the district court dismissed his action and the Second Circuit affirmed the dismissal. The previous action also involved Phillips, who was the plaintiff in both that action and this action.

With regard to the third element, the Second Circuit has stated that "claims based upon different legal theories are barred provided they arise from the same transaction or occurrence" (*see Wynn v. Union Local 237, I.B.T.*, 797 Fed Appx 13, 16 [2d Cir 2019], *citing Berrios v. New York City Housing Authority*, 564 F3d 130, 135 [2d Cir 2009]). Here, Phillips alleged in both his first and second complaints that LIRR discriminated and retaliated against him. Judge Kovner correctly held that Phillips already litigated his discrimination claims against LIRR and is not allowed to re-litigate them in a second lawsuit against LIRR. As Phillips alleged in his current complaint that the alleged discrimination and retaliation led to his wife's wrongful death, and res judicata precludes him from re-litigating those claims, his appeal should be dismissed.

### D. Collateral Estoppel Bars Phillips's Claim

The "doctrine of collateral estoppel, or issue preclusion, bars a party from relitigating in a second proceeding an issue of fact or law that was litigated and actually decided in a prior proceeding, if that party had a full and fair opportunity to litigate the issue in the prior proceeding and the decision of the issue was necessary to support a valid and final judgment on the merits" (*see Metromedia Company v. Fugazy*, 983 F2d 350, 365 [2d Cir 1992]). Collateral estoppel applies when: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party against whom the collateral estoppel is being asserted had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits (*see Brandon v. NPG Records, Inc.*, 840 Fed Appx 605 [2d Cir 2020]; *Marvel Characters, Inc. v. Simon*, 310 F3d 280, 288-89 [2d Cir 2002]).

Each of those elements is present here. Phillips claimed in both the prior lawsuit and the current lawsuit that LIRR discriminated and retaliated against him, those issues were actively litigated and decided against him in the prior lawsuit, Phillips had a full and fair opportunity to litigate those issues, and resolution of those issues were necessary to support a valid and final judgment on the merits.

12

Accordingly, even if Phillips's claim is not barred by res judicata, it is barred by collateral estoppel.

### E. Phillips Cannot Show That LIRR's Actions Led to his Wife's Death

Finally, even if there was evidence that LIRR discriminated or retaliated against Phillips, and that LIRR owed a duty of case to Phillips's wife, Phillips cannot show that such discrimination or retaliation led to his wife's death (*see Rotger v. Montefiore Medical Center*, 2019 US Dist LEXIS 54463 at *40-42 [SDNY March 29, 2019] [court dismissed claim that employer's discriminatory and retaliatory conduct led to employee's death]).

## CONCLUSION

For the foregoing reasons, Phillips's appeal should be dismissed and the judgment of the district court dismissing Phillips's complaint should be affirmed.

Dated:  Jamaica, New York
        October 11, 2022

                                        Respectfully submitted,

                                        STEPHEN N. PAPANDON
                                        Acting Vice President/General Counsel &
                                              Secretary
                                        Attorney for Defendant-Appellee LIRR

                                        By: <u>/s/Brian K. Saltz</u>
                                              Brian K. Saltz
                                        The Long Island Rail Road Company
                                        Law Department - 1143
                                        Jamaica Station
                                        Jamaica, New York 11435
                                        (718) 558-8277
                                        bsaltz@lirr.org

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Fed.R.App.P.32(a)(7)(B) because:

    This brief contains 3,051 words, excluding the parts of the brief exempted by Fed.R.App.32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed.R.App.P.32(a)(5) and the type style requirements of Fed.R.App.P32(a)(6) because:

    This brief has been prepared in Proportionally-Space typeface using Microsoft Word, in Times New Roman, Font Size 14.

Dated: October 11, 2022