# 22-123

# United States Court of Appeals

*for the*

# Second Circuit

**Dominique Phillips**
  **Plaintiff - Appellant**

v.

**Long Island Rail Road Company,**

**United Transportation Union-Local 722, and**

**United States District Court Eastern District of New York**
  **Defendants – Appellees**

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

**BRIEF FOR DEFENDANT-APPELLEE
UNITED TRANSPORATION UNION - LOCAL 722**

Erika A. Diehl-Gibbons
Associate General Counsel
SMART-Transportation Division
6060 Rockside Woods Blvd., N., Ste.
345 Independence, OH 44131-2378
(216) 228-9400

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Appellee, United Transportation Union Local 722, now SMART-TD Local 722, ("the Union"), discloses that it is not a publicly held corporation, and that no publicly held corporation owns ten percent (10%) or more of its stock.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ............................................................. i

TABLE OF CONTENTS ................................................................................. ii

TABLE OF AUTHORITIES ........................................................................... iii

    I.    JURISDICTIONAL STATEMENT ............................................................... 1

    II.   STATEMENT OF THE ISSUES ................................................................. 1

    III.  STATEMENT OF THE CASE AND STATEMENT OF FACTS ............... 1

    IV.  STATEMENT OF THE STANDARD OF REVIEW .................................. 4

    V.   SUMMARY OF ARGUMENT .................................................................... 4

    VI.  ARGUMENT ................................................................................................ 5

        A.   The District Court Did Not Err in Dismissing Phillips' Claims against the Union on Collateral Estoppel Grounds *Sua Sponte* ............................................. 5

        B.   The District Court Did Not Err in Finding that Collateral Estoppel Barred Phillips' Claims Against the Union After He Voluntarily Dismissed the Union from His Original Lawsuit Seven Years Prior. .................................................. 7

    VII. CONCLUSION .......................................................................................... 10

CERTIFICATE OF SERVICE ....................................................................... 11

CERTIFICATE OF COMPLIANCE .............................................................. 12

## TABLE OF AUTHORITIES

**Cases**                                                                                                                  **Page(s)**

*Arizona v. California*,
  530 U.S. 392 (2000) .................................................................................. 5

*Austin v. Downs, Rachlin, & Martin Burlington St. Johnsbury*,
  270 Fed.Appx. 52 (2d Cir. 2008) ............................................................... 9

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
  575 U.S. 138 (2015) .................................................................................. 7

*Caldwell v. Pesce*,
  83 F. Supp. 3d 472 (E.D.N.Y. 2015) .................................................... 6, 9

*Curry v. Syracuse*,
  316 F.3d 324 (2d Cir. 2003) ...................................................................... 5

*Doe v. Pfrommer*,
  148 F.3d 73 (2d Cir. 1998) ........................................................................ 5

*Gelb v. Royal Globe Ins. Co.*,
  798 F.2d 38 (2d Cir. 1986) ........................................................................ 7

*Marvel Characters, Inc. v. Simon*,
  310 F.3d 280 (2d Cir. 2002) ...................................................................... 7

*Negron v. Oxford Airport Tech. Services*,
  No. 08-4326, 2009 WL 50158 (E.D. Pa. Jan. 7, 2009) ............................. 8

*Parklane Hosiery Co. v. Shore*,
  439 U.S. 322 (1979) .................................................................................. 9

*Stinnett v. Delta Air Lines, Inc.*,
  803 Fed. Appx. 505 (2d Cir. 2020) ............................................... 4, 5, 6, 7

*United Steelworkers of Am. v. Rawson*,
  495 U.S. 362 (1990) .................................................................................. 8

*Watley v. Dept. of Children & Families*,
  991 F.3d 418 (2d Cir. 2021) ................................................................................... 4

Statutes

28 U.S.C. § 1291 ........................................................................................................ 1

42 U.S.C. § 2000e ...................................................................................................... 1

45 U.S.C. § 151 .......................................................................................................... 1

Rules

Fed. R. App. P. 4(a)(1)(A) ........................................................................................ 1

Federal Rule of Civil Procedure 12(b)(6) ................................................................ 4

## I. JURISDICTIONAL STATEMENT

The district court had jurisdiction to hear Plaintiff-Appellee Dominique Phillips' ("Phillips") complaint pursuant to 42 U.S.C. § 2000e (Title VII) and 45 U.S.C. § 151 *et seq*. (Railway Labor Act). This Court has appellate jurisdiction under 28 U.S.C. § 1291. The district court entered a final order dismissing Phillips' complaint on December 16, 2021. Pursuant to Fed. R. App. P. 4(a)(1)(A), Phillips filed a notice of appeal dated January 14, 2022, which was docketed on January 18, 2022.

## II. STATEMENT OF THE ISSUES

(1) Whether the District Court erred in dismissing Phillips' case against the Union on collateral estoppel grounds *sua sponte*?

(2) Whether the District Court erred in finding that collateral estoppel barred Phillips' case against the Union after he voluntarily dismissed the Union from his original lawsuit seven years prior?

## III. STATEMENT OF THE CASE AND STATEMENT OF FACTS

Phillips originally filed suit in the Eastern District of New York against his former employer, Long Island Rail Road Company ("LIRR"), and the union to which he belonged, United Transportation Union Local 722, ("Local 722" or "the Union"), on December 23, 2013. *See Phillips v. Long Island R.R.*, No. 13-CV-7317 (JS) (ARL) ("*Phillips I*"). (ECF 112 at 115). His Complaint alleged, in part, that

1

LIRR discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act when it terminated him in late 2012, and that the Union failed to represent him regarding the same. *Id.* Fifteen months after filing his initial Complaint, Phillips filed two motions for an extension of time to amend his pleading. (ECF 112 at 126). In lieu of filing for leave, Phillips filed his Second Amended Complaint, which was subsequently stricken for failure to seek leave. Phillips eventually retained counsel and filed his Third Amended Complaint on October 16, 2015, asserting twelve counts against LIRR, including race and disability discrimination and violations of FMLA. (ECF 112 at 147). He also dropped the Union as a defendant entirely. (ECF 112 at 147).

After years of delays due to Plaintiff's failure to appear for his deposition and inability to obtain counsel, LIRR filed a motion for summary judgment on February 12, 2018. (ECF 96 at 57-63).

On March 5, 2019, the assigned magistrate judge issued his report and recommendation ("R&R"), granting LIRR's motion for summary judgment on all counts and finding Phillips was unable to make out his prima facie case and was time barred from raising his claims. (*Id.*). Phillips then requested a six-month extension to file objections to the R&R, which was denied. (*Phillips I*, Dkt. 134, 136, 137). When Phillips did not timely object to the R&R, the district court issued an order adopting it in its entirety. On April 22, 2019, Phillips appealed *Phillips I*

to this Court, which upheld the district court's opinion on March 21, 2021 (*Phillips I*, Dkt. 138). *See* Mandate of USCA 19-1089, at 3, *Phillips v. Long Island Rail Rd. Co.*, No. 13-cv-7317 (JS) (ARL) (*Phillips I*, Dkt. 140).

Despite that ruling, on October 4, 2021, Phillips filed a *pro se* complaint, alleging the same discrimination, harassment, and wrongful termination claims that were the basis for his 2013 lawsuit against LIRR and the Union. *See Phillips v. Long Island R.R., United Transportation Union, Local 722, and the Eastern District of New York,* No. 21-cv-5679 (E.D. NY) ("*Phillips II*") (ECF 96 at 5). In addition, Phillips included the United States District Court for the Eastern District of New York as a named defendant. *Id.* Although Phillips now alleged that his wife died as a result of the named Defendants' conduct (*Id.* ¶ 32), he alleged the same facts against LIRR, that he was subjected to discrimination and harassment (*Id.* at ¶¶ 8-10, 12-15, 17-24), and that the Union failed to represent him regarding those alleged wrongs. (*Id.* at ¶¶ 11, 14, 16, 18, 22, 23, 25).[1]

The court dismissed the Complaint *sua sponte* on December 16, 2021. (*Id.* at p. 97). The court held that dismissal of the court was proper based on the

---

[1] Indeed, under the heading "Abuse of Discretion," Phillips even alleged that the "District Court erred in finding that [LIRR's] termination of [him] was not discrimination based on his race and gender discrimination, hostile work environment, retaliation, etc." (*Id.* at ¶ 28).

3

doctrine of sovereign immunity, the LIRR based on res judicata, and the Union based on collateral estoppel. *Id.*

On January 18, 2021, Phillips filed this appeal. (ECF 1).

### IV. STATEMENT OF THE STANDARD OF REVIEW

The Second Circuit reviews a district court's decision on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), including for collateral estoppel, *de novo. Stinnett v. Delta Air Lines, Inc.*, 803 Fed. Appx. 505 (2d Cir. 2020) (unpublished); *see also Watley v. Dept. of Children & Families*, 991 F.3d 418 (2d Cir. 2021).

### V. SUMMARY OF ARGUMENT

Phillips appears to assert here that the court erroneously found that his claims alleging wrongs previously litigated could be dismissed *sua sponte*. (ECF 100). As demonstrated herein, the lower court did not err in either dismissing Phillips' claims against the Union on its own initiative, nor did it err in finding Phillips' claims against the Union were barred by collateral estoppel. Phillips merely attempted to resurrect claims he already litigated not only in the court below, but in this Circuit as well.

4

## VI. ARGUMENT

### A. The District Court Did Not Err in Dismissing Phillips' Claims against the Union on Collateral Estoppel Grounds *Sua Sponte*.

In his Opening Brief, Phillips does not appear to challenge the district court's determination that the doctrine of collateral estoppel bars his claims against the Union. This is not surprising, as demonstrated below, he is clearly precluded from relitigating these claims. Instead, he seems to only challenge the court's authority to apply the doctrine s*ua sponte*. The court was well within its authority to do so.

Indeed, this is precisely what occurred in *Stinnett*, where a former flight attendant did not contest the lower court's legal determination that collateral estoppel would bar the claims, instead focusing on the court's authority to apply the doctrine *sua sponte*. 803 Fed. Appx. at 508. Notably, the Second Circuit held that courts are well within their authority to raise the issue of collateral estoppel *sua sponte*. *Id.* (citing *Doe v. Pfrommer*, 148 F.3d 73, 79 (2d Cir. 1998); *Arizona v. California*, 530 U.S. 392, 412 (2000) ("[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised."); *see also Curry v. Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (noting that a district court may dismiss "a case on collateral estoppel grounds even where [it] … was raised by the district court *sua sponte,* without permitting the party against which it was asserted an

opportunity to argue the issue"); *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 481 (E.D.N.Y. 2015), *aff'd,* 639 Fed. Appx. 38 (2d Cir. 2016) (unpublished) (noting a "district court has not only the power but the obligation to dismiss complaints *sua sponte* on *res judicata* grounds when the litigation history triggers it," and that collateral estoppel similarly protects litigations from the burden of relitigation and "promotes judicial economy by preventing needless litigation") (internal citations omitted). Ultimately, this Circuit found that the lower court in *Stinnett* was entitled to apply collateral estoppel to bar the employee's claims of disability discrimination, failure to accommodate, and retaliation that she raised in a prior suit. *Stinnett*, 803 Fed. Appx. at 508.

 In dismissing Phillips' 2021 Complaint against the Union and other parties on collateral estoppel and res judicata grounds in *Phillips II*, what the lower court did here was no different. The court reviewed the claims and allegations in *Phillips I*, and found them similar, if not identical, to claims and allegations before the court in this matter. *See infra.* Accordingly, as in *Stinnett*, the district court was well within its authority in dismissing Phillips' claims against the Union *sua sponte*. *Id.*

**B. The District Court Did Not Err in Finding that Collateral Estoppel Barred Phillips' Claims Against the Union After He Voluntarily Dismissed the Union from His Original Lawsuit Seven Years Prior.**

The doctrine of collateral estoppel, or issue preclusion, precludes a party from "relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). In order for a party to be barred by collateral estoppel:

> (1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.

*Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38, 44 (2d Cir. 1986). For issues to be deemed "identical," "they must involve not only the same factual predicate, but also the same legal standard." *Stinnett*, 803 Fed. Appx. at 507-08 (quoting *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 154 (2015)). In *Stinnett*, this Court affirmed the lower court's determination that it had resolved identical issues on plaintiff's disability discrimination claims where her prior suit involved essentially indistinguishable factual allegations and was governed by equivalent legal standards. The court further found that the parties had enjoyed a "full and fair opportunity to litigate" the relevant issue in the prior case, and that its resolution of those issues was necessary to support a final judgment on the merits. *Id.* at 508.

7

The district court properly found that each of these factors is present in this case. (ECF 96 at 59-60). Although couched as a wrongful death action, the lower court was correct in finding the issues raised in *Phillips I* and *Phillips II*, including whether Phillips experienced discrimination, harassment, or wrongful termination, are virtually identical and based on the same nucleus of operative facts. (ECF 96 at 8) (comparing *Phillips II* Complaint ¶ 5 (shoulder); ¶ 10 (cleaning assignments); ¶ 12 (parking write-up); ¶ 14 (bullying) with *Phillips I* Third Am. Compl. ¶ 20 (shoulder); ¶ 32 (cleaning assignments); ¶¶ 36-38 (parking write-up); ¶ 45 (bullying) and R. & R. 25-29, 30-40 (evaluating whether the evidence before the court supported plaintiff's claims)). Indeed, in *Phillips II,* Phillips claims his wife's death was due to the harassment and discrimination he suffered while employed by LIRR. (ECF 96 ¶ 32).[2] Despite his best efforts to allege a new harm in what he contends was the wrongful death of his wife as a result of the "pain and suffering caused by LIRR's and [the Union's] discrimination <u>and [court] rulings</u>" related

---

[2] Even if Phillips had brought a state law wrongful death claim, under the factual allegations Plaintiff has set forth in his Complaint, such would be completely preempted by the federal duty of fair representation. *See, e.g., Negron v. Oxford Airport Tech. Services*, No. 08-4326, 2009 WL 50158 (E.D. Pa. Jan. 7, 2009) (finding estate administrator's wrongful death and survival claims against union preempted by the federal Railway Labor Act where allegations in essence asserted breach of the duty of fair representation) (citing *United Steelworkers of Am. v. Rawson,* 495 U.S. 362, 368-71 (1990) (finding state law wrongful death claims was not independent of the collective bargaining relationship and therefore preempted by federal labor law)).

8

thereto, these issues were actually litigated and decided by the court in *Phillips I,* where the court granted LIRR's motion for summary judgment and determined that Phillips had not successfully alleged any violation of his or his wife's rights. (ECF 96 at 6061) (emphasis added). Phillips had a full and fair opportunity for litigation in *Phillips I*. Several years into this litigation, Phillips decided to drop the Union and proceed only against LIRR. (*Phillips I*, Third Am. Compl.). LIRR was eventually granted summary judgment on all claims. (ECF 96 at 57). Phillips cannot litigate piecemeal over a decade's time regarding virtually identical claims and parties. His belated attempt to again resurrect his claims against the Union for alleged complicity in LIRR's conduct, conduct which has already been fully and unsuccessfully litigated, cannot save his cause of action. (ECF 96 at 61) (quoting *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 329 (1979) (noting a party may not "relitigat[e] identical issues by merely switching adversaries") (internal quotations omitted)); *see also Caldwell*, 83 F. Supp. 3d at 481 (noting collateral estoppel applies to *pro se* litigants) (citing *Austin v. Downs, Rachlin, & Martin Burlington St. Johnsbury,* 270 Fed.Appx. 52 (2d Cir. 2008)). Based on the foregoing, the District Court properly found that Phillips' claims against the Union are barred by collateral estoppel.

9

## VII. CONCLUSION

For the foregoing reasons, the District Court did not err in finding Phillips claims against the Union in *Phillips II* barred by collateral estoppel *sua sponte*. Accordingly, the judgment should be affirmed.

Respectfully submitted,

Erika A. Diehl-Gibbons
Associate General Counsel
SMART-Transportation Division
6060 Rockside Woods Blvd., N., Ste. 345
Independence, OH 44131
(216) 228-9400
ediehl@smart-union.org

## CERTIFICATE OF SERVICE

This is to certify that the forgoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on October 13, 2022, on all registered counsel of record, and has been transmitted to the Clerk of the Court. This is to additionally certify that a copy of the foregoing has been served by email and regular first-class, postage pre-paid mail upon:

> Dominique Phillips
> 11 Mirin Avenue
> Roosevelt, NY 11575-1603
> dominiquep32@yahoo.com

s/Erika A. Diehl-Gibbons
Erika A. Diehl-Gibbons

## CERTIFICATE OF COMPLIANCE

As counsel of record to the Defendant-Appellee UTU Local 722, I hereby certify that the foregoing Defendant-Appellee's Brief is proportionately spaced; uses a Roman-style Times New Roman typeface of 14-point; and I am relying upon the word count of the word-processing system (Microsoft Word) which contains 2,177 words, exclusive of the material not counted under Federal Rule of Appellate Procedure 32(a)(7)(B)(i).

s/Erika A. Diehl-Gibbons<br>
Erika A. Diehl-Gibbons